# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AVERY SINGLETON, | ) |
|                   **Plaintiff,** | ) |
| v. | ) No.: 19-cv-3036-JBM |
| SCOTT ZIMMERMAN and BLAKE HAUBRICH, | ) |
|                   **Defendant.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, and no longer in custody, files a complaint under 42 U.S.C. § 1983, alleging the unconstitutional use of force by two officers employed at the Western Correctional Center ("Western"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff is a prolific litigator, having filed numerous cases in the Illinois Northern and Southern District Federal Courts as well as here in the Central District. Plaintiff discloses that he had filed this claim previously, in *Singleton v. Zimmerman*, No. 17-3247 (C.D.Ill. Oct. 31, 2017) ("*Singleton I*"). Plaintiff had been given leave to proceed in forma pauperis ("IFP") in that case upon his allegations of poverty. The court, however, subsequently learned that after filing

*Singleton I*, Plaintiff had settled a case for a $5,400.00 and had not updated his IFP petition. The court revoked Plaintiff's IFP status, ordering that he pay the $400 filing fee. When Plaintiff did not do so, the complaint was dismissed without prejudice.

Plaintiff reveals that after the dismissal, he filed the claim in Illinois state court, alleging battery and negligence. Plaintiff now refiles the allegations of the state court and *Singleton I* cases here, in *Singleton v. Zimmerman*, No. 19-3036 (C.D.Ill. Feb. 11, 2019) ("*Singleton II*"). Plaintiff offers no information as to the status of the state court case. If it is ongoing, then *Singleton II*, and the state court claim are likely parallel actions, potentially subject to the abstention doctrine identified in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976). *See Freed v. Friedman*, 215 F. Supp. 3d 642 (N.D. Ill. 2016). "The *Colorado River* abstention doctrine provides that a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway, but only under exceptional circumstances and if it would promote wise judicial administration." *Id*. at 648.

If the state court matter has been resolved in the interim, there are potential concerns involving issue and claim preclusion. The Court will order that Plaintiff file a copy of the relevant state court complaint and any documents related to its current status or disposition.

Plaintiff asserts an excessive force claim against Defendant Officer Zimmerman. Plaintiff pleads that on April 26, 2017, he was being transferred by bus from the Robinson Correctional Center to Western. At some point, Plaintiff changed buses, exiting the Robinson bus and entering the one that was to take him to Western. It appears that Plaintiff spoke with Defendant Zimmerman prior to entering the bus. Plaintiff asked that Defendant allow him to sit on an aisle rather than inside seat, as there would be more leg room and Plaintiff had arthritis in

his knees. Plaintiff claims that Defendant Zimmerman rudely refused the request and ordered him onto the bus.

Plaintiff alleges that after this exchange, Defendant Lieutenant Haubrich entered the bus and, in response to Plaintiff's complaint, instructed Defendant Zimmerman to allow Plaintiff to sit on an aisle seat. When Defendant Haubrich exited the bus, Defendant Zimmerman allegedly "kicked and stomped" Plaintiff's foot causing him pain and humiliation. Defendant Zimmerman then ordered Plaintiff to the back of the bus and pushed Plaintiff as he walked. Plaintiff turned around, telling Defendant that he was not a child and that Defendant had no right to touch him. Plaintiff claims that Defendant Zimmerman responded by grabbing him by the neck and choking him. Defendant allegedly slammed Plaintiff into the rear seat, put his knee into Plaintiff's chest and threatened him, using a racial epithet.

When the bus arrived and Plaintiff disembarked, he told Defendant Haubrich of the occurrence. He complains that Defendant Haubrich did not address the issue with Defendant Zimmerman and, instead, merely ordered Plaintiff to get into line.

In excessive force claims the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. Plaintiff states a colorable claim of excessive force claim against Defendant Zimmerman whose actions were allegedly not taken in a good faith effort to maintain or restore discipline.

Plaintiff fails to state a cognizable claim against Defendant Haubrich, either due to his status as Defendant Zimmerman's supervisor, or for failing to intervene. "[I]n order to hold an

3

individual defendant liable under § 1983 for a violation of an inmate's constitutional rights, the inmate must show that the defendant was personally responsible for that violation." *Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill.2013).

Here, Plaintiff pled that Defendant Haubrich had exited the bus at the time Defendant Zimmerman exerted the excessive force. As a result, Defendant Haubrich neither personally participated in the force nor had a reasonable opportunity to prevent it. *See Bey v. Pollard*, No. 13-952, 2014 WL 5460439, at *4 (E.D. Wis. Oct. 27, 2014). A prison official may be liable for a failure to intervene only if he "has a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right[s]..." Defendant Haubrich is DISMISSED.

The Court notes that Plaintiff is no longer in custody and has been ordered to submit an updated *in forma pauperis* ("IFP") petition. As previously ordered, Plaintiff is to file the petition by June 14, 2019 or risk revocation of the grant of IFP status in this case.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the excessive force claim against Defendant Zimmerman identified herein. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendant Haubrich is DISMISSED.

2. Plaintiff is, within 30 days, to file a copy of the related state court complaint and any documents related to its current status or disposition. Plaintiff is, by June 14, 2019, to file an updated IFP petition.

4

3. Plaintiff's Motion for Status [8] is rendered MOOT by this order.

4. The Clerk is directed to send to Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5. If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 6/10/2019

      s/ Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE